Abdulkadir MOHAMED, Petitioner,

v.

Alberto R. GONZALES,* Attorney General, Respondent.

No. 03–71359.

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2005.**

Decided May 13, 2005.

---

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, petitioner's motion to proceed without oral argument is granted.

David Wilson, Minneapolis, MN, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Executive Office of Immigration Review, Office of Immigration Judge, San Diego, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Terri J. Scadron, Esq., Leslie McKay, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, CANBY, and THOMAS, Circuit Judges.

## MEMORANDUM ***

Abdulkadir Mohamed, a native and citizen of Somalia, petitions for review of an order of the Board of Immigration Appeals ("BIA") summarily affirming an immigration judge's ("IJ") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We review for substantial evidence the IJ's adverse credibility finding and evaluate independently each ground cited by the IJ for the finding. *See Kaur v. Ashcroft,* 379 F.3d 876, 884–85 (9th Cir.2004).[1] We grant the petition for review and remand for further proceedings.

■ The primary basis for the IJ's adverse credibility finding was Mohamed's admission that, upon arriving at the Chicago airport, he made false statements under oath to immigration officers about the countries through which he had traveled to reach the United States. Such false statements, made to facilitate Mohamed's entry into the United States, reveal nothing about Mohamed's reasons for fleeing Somalia and therefore cannot support an adverse credibility finding. *See Akinmade v.*

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We review the IJ's decision because the BIA affirmed that decision without issuing an opinion. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 851 (9th Cir.2003).

*INS,* 196 F.3d 951, 956 (9th Cir.1999) (noting that this Court has "distinguished, for purposes of credibility determinations, false statements made to establish the critical elements of the asylum claim from false statements made to evade INS officials" and gain entry into the United States, and holding that the latter cannot support an adverse credibility finding).

The IJ further doubted Mohamed's credibility because he testified that one of the reasons he lied was that the smuggling agent who helped him get to the United States made up the story about the countries through which Mohamed had traveled, and told Mohamed to repeat the story to protect the smuggler from being discovered. Mohamed did not offer this explanation to the asylum officer who conducted a credible fear interview two weeks after he arrived in Chicago and, instead, told the asylum officer that he lied at the airport only because he was fearful of being returned and was trying to hide where he came from. This minor inconsistency, which does not relate to the heart of his asylum claim, is not a cogent reason to find Mohamed's testimony incredible. *See Kaur,* 379 F.3d at 888–89; *Osorio v. INS,* 99 F.3d 928, 931 (9th Cir.1996) ("Minor inconsistencies that reveal nothing about an asylum applicant's fear for his safety are not an adequate basis for an adverse credibility finding.") (citation and internal quotations omitted).

Additional reasons for the IJ's adverse credibility finding were Mohamed's presentation at the Chicago airport of a re-entry permit that did not belong to him, and his explanation at the removal hearing that he obtained this document from the smuggling agent, which the IJ found implausible. This conduct does not support the adverse credibility determination. *See Kaur,* 379 F.3d at 889 (finding petitioner's "misrepresentations to Canadian and United States immigration officials and use of a false passport are entirely consistent with her asylum claim"); *Akinmade,* 196 F.3d at 956 (concluding that lies told to facilitate travel and entry into the United States are "'incidental' to [petitioner's] claim of persecution") (citations omitted).

■ The IJ also cited Mohamed's demeanor as a ground for his adverse credibility finding. The IJ concluded that the "general demeanor of [Mohamed's] testimony is one of a consistently evasive and overly-defensive witness." Because the IJ did not cite to specific portions of Mohamed's testimony to support this conclusion, it is not a proper basis for an adverse credibility determination. *See Arulampalam v. Ashcroft,* 353 F.3d 679, 686 (9th Cir.2003) ("It is improper for the IJ to have made generalized statements that do not identify specific examples of evasiveness or contradiction in the petitioner's testimony.") (internal quotation omitted).

The IJ further noted that Mohamed's lower lip appeared to tremble throughout his testimony. This factor alone does not amount to substantial evidence supporting the adverse credibility finding. *Cf. Singh–Kaur v. INS,* 183 F.3d 1147, 1151 (9th Cir.1999) (noting that "most witnesses are uncomfortable and nervous when being cross-examined and, perhaps, when being questioned by a judge" but finding no reason to discount demeanor finding because petitioner, when faced with difficult questions on cross-examination or from the IJ "began to literally jump around in his seat and to squirm rather uncomfortably while testifying").

■ Finally, the IJ determined that Mohamed's corroborating evidence was weak and did not adequately support his claims for relief. "[W]hen each of the IJ's ... proffered reasons for an adverse credibility finding fails, we must accept a petitioner's testimony as credible." *Kaur,* 379

F.3d at 890. Moreover, a credible asylum applicant has no duty to corroborate his testimony. *See id.* at 889–90. Accordingly, Mohamed "is not required to provide corroboration to establish the facts to which [he] testified." *See id.* at 890.[2]

In sum, the IJ's adverse credibility finding is not supported by substantial evidence. Accordingly, we grant the petition for review and remand to the BIA for a determination of whether, accepting Mohamed's testimony as credible, he is eligible for asylum, withholding of removal, or CAT relief. *See INS v. Ventura,* 537 U.S. 12, 15–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

PETITION FOR REVIEW GRANTED; REMANDED FOR FURTHER PROCEEDINGS.

---

**2.** Furthermore, we note that, in reviewing Mohamed's corroborating evidence, the IJ ignored the U.S. State Department report on Somalia and other reports on country conditions, and that this evidence corroborates aspects of his claim of persecution. *See Akinmade,* 196 F.3d at 957.

